UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEREMY S. ANGELL, )
)
     *Plaintiff* )
)
v. ) No. 2:10-cv-479-JAW
)
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
     *Defendant* )

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") case was awarded benefits beginning on March 15, 2008. He contends that the administrative law judge should have accepted his request to amend his alleged onset date to November 1, 2006, or to reopen his earlier application for benefits dated February 11, 2005. I recommend that the court affirm the commissioner's decision.

The plaintiff asserts that he applied unsuccessfully for benefits three times before filing the instant application. [Itemized Statement] (Docket No. 14) at [5]. At the hearing before the administrative law judge, the attorney representing the plaintiff asked that an application with an alleged onset date of February 11, 2005, be reopened, or that, in the alternative, the onset date

---

[1] This action is properly brought under 42 U.S.C. § 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me by telephone on September 13, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

alleged in connection with the current application be amended to November 1, 2006. Record at 17-18. In his written opinion, the administrative law judge addressed these requests as follows:

> The undersigned does not find a basis for reopening the claimant's prior Title II application or Title XVI application (20 C.F.R. 404.988 and 416.1488). Social Security Ruling 91-5p was also considered and does not apply in this case. The new records offered as providing good cause contain little additional information regarding the earlier period. Even if they did, the claimant had at least one 4-month period of work after his prior denial which does not fit the criteria of an unsuccessful work attempt.
>
> Claimant's request to amend the alleged onset date from March 15, 2008 to an earlier date is denied as it would require consideration of a period of time that has never been considered by Disability Determination Services (DDS). The undersigned does not have the authority to consider an unadjudicated period. It is also noteworthy that this request, included in the claimant's pre-hearing brief submitted on August 19, 2010, represents the first effort to assert an earlier date, despite the fact that counsel for the claimant has been acting as his representative since December 4, 2008.

*Id*. at 6.

## I. Discussion

### A. Request to Reopen

The plaintiff proceeds directly to challenge the administrative law judge's conclusions. Those conclusions appear to address the requirements of 20 C.F.R. §§ 404.988 and 416.1488, which provide as follows:

> A determination, revised determination, decision, or revised decision may be reopened –
>
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
>
> (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
>
> (c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar

> fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.

20 C.F.R. § 416.1488 (§ 404.988 is identical except that subsection (b) substitutes four for two years).

The following regulation defines "good cause":

> (a) We will find that there is good cause to reopen a determination or decision if –
>   (1) New and material evidence is furnished;
>   (2) A clerical error was made; or
>   (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
> (b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 416.1489 (§ 404.989 is identical).

However, I do not reach the plaintiff's arguments challenging the reasons given by the administrative law judge for denying reopening because the plaintiff has overlooked the fact that this court does not have jurisdiction to consider such a denial. "Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart, and they are not subject to judicial review. These actions include . . . (l) Denying your request to reopen a determination or decision[.]" 20 C.F.R.§ 404.903, 416.1403.

The First Circuit, following the lead of the Supreme Court in *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977), stated the legal principle applicable here: "Absent a colorable constitutional claim not present here, a district court does not have jurisdiction to review the Secretary's discretionary decision not to reopen an earlier adjudication." *Torres v. Secretary of Health & Human Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988). This court has applied that

3

principle as well. *E.g., Biron v. Apfel*, No. 00-173-P-C, 2000 WL 1771121, at *2 (D. Me. Dec. 4, 2000). The plaintiff has asserted no constitutional claim, and this court thus lacks jurisdiction over this portion of his appeal.

### B. Amended Date of Onset

To the extent that the issue is not foreclosed by this court's lack of jurisdiction, the plaintiff contends that the administrative law judge's statement that he did not have the authority to consider evidence for an earlier period that had not first been considered by the state disability determination service "does not comport with Social Security Ruling 83-20p." Itemized Statement at [9]. However, that Ruling, which deals with the determination of a date of onset of a particular disability, says nothing about the situation present here. Social Security Ruling 83-30, reprinted in *West's Social Security Rulings* 1983-1991, at 49-57. Whether to allow a claimant to amend his alleged date of onset at the time of hearing is a different issue entirely from the methodology to be used to determine the date of onset of a disability once it has been determined to exist at the time of hearing.

It is basic Social Security law that an administrative law judge may not consider an issue that has not been reviewed by a state disability determination agency in a state, like Maine, where that agency performs the initial review of Social Security benefits claims. *See* 20 C.F.R.§ 404.946(b)(1) (issue within jurisdiction of a state agency under a federal-state agreement concerning the determination of disability may not be raised for the first time before an administrative law judge). The many years of Social Security benefit decisions issued by this court make plain that Maine's state disability determination service performs the initial review of Social Security benefit applications and makes the initial determination of eligibility for those benefits. Thus, the administrative law judge here was correct when he held that he could not

4

reach the issue of the plaintiff's eligibility during a period of time earlier than that period with which the state agency had dealt in connection with the plaintiff's application.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be affirmed.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge